IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-19-389 |
| | * | |
| TYQUAN FORD | | |

\*\*\*\*\*\*\*

## MEMORANDUM AND ORDER

Federal defendant Tyquan Ford, now in Bureau of Prisons ("BOP") custody at the D.C. Jail,[1] filed a petition for emergency relief to be placed on home detention with electronic monitoring because of the COVID-19 outbreak. (ECF 28). The petition has been opposed by the government. (ECF 29).

On February 21, 2020, Ford pled guilty to possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g), and was sentenced to 24 months imprisonment followed by 3 years of supervised release. (ECF 25, Judgment). Ford has been in custody since September 25, 2019, and has served approximately 6 and a half months of his sentence. Ford argues that he should serve the balance of his sentence on home detention because of the emergency situation caused by COVID-19. He states that at least 5 inmates at the D.C. Jail have been diagnosed with the virus. Ford does not identify any underlying health conditions that would make him particularly susceptible to COVID-19.

The court recognizes the sincere concern undoubtedly felt by Ford and his counsel in these very difficult circumstances. But Ford does not identify any federal law or procedural rule that would give the court the authority to place him on home detention. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (district court cannot modify a term of

---

[1] According to the petition, Ford is currently incarcerated at the Central Detention Facility in Washington D.C. Therefore, it appears that Ford is currently at the D.C. Jail. The Jail also consists of the Correctional Treatment Facility ("CTF").

1

imprisonment once it has been imposed unless authorized by statute). To the extent Ford argues that COVID-19 constitutes an "extraordinary and compelling" reason, it does not appear that he has exhausted his administrative remedies, which he must do before he can seek relief in this court. 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Williams*, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020). Therefore, "[t]o obtain relief under § 3582(c)(1)(A), [Ford] must either fully exhaust his administrative remedies or wait until 30 days have elapsed without a BOP determination" on a request for BOP to bring a motion on Ford's behalf. *United States v. Bobbie Johnson*, No. CR RDB-14-0441, 2020 WL 1663360, at *6 (D. Md. Apr. 3, 2020) (noting that courts in this district have held that the administrative exhaustion requirements of § 3582(c)(1)(A) are jurisdictional, and even if they are not, the court cannot "summarily waive the administrative exhaustion requirements of the statute," *id.* at *3, *5).

Accordingly, the petition for emergency relief (ECF 28) is Denied.

So Ordered this  8th  day of April, 2020.

                                                   /S/
                                       Catherine C. Blake
                                       United States District Judge